# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| TED B. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | Cause No. 1:25-cv-00352-HAB |
| | ) | |
| v. | ) | |
| | ) | |
| CITILINK BUS, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Plaintiff, Ted Jones, proceeding pro se, sued Defendant, Citilink, alleging that one of Defendant's bus ramps hit him, caused him to fall, and he was injured a result. (ECF No. 1). He also states that he was banned from using Defendant's bus service sometime after. (*Id.*). He seeks leave of Court to proceed without prepayment of the filing fee. (ECF No. 2). Plaintiff filled out the form for the Southern District of Indiana; not this district. (*Id.*). This Court thus defers ruling on Plaintiff's request to proceed in forma pauperis until it receives the proper form for the Northern District of Indiana *in legible handwriting*. Moreover, this Court must first assure itself that it has jurisdiction to adjudicate the dispute. Subject matter jurisdiction is the first issue that must be addressed, *Baker v. IBP, Inc.*, 357 F.3d 685, 687 (7th Cir. 2004), and thus the Court raises the issue sua sponte, pursuant to Federal Rule of Civil Procedure 12(h)(3). Plaintiff's Complaint is deficient, but the Court will allow him an opportunity to properly plead subject matter jurisdiction.

"[I]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The party seeking to invoke federal jurisdiction bears the burden of demonstrating that the requirements for subject matter jurisdiction are met. *See Smart v. Loc. 72 Int'l Broth. of Elec. Workers*, 562 F.3d 798, 802-03 (7th Cir. 2009). Thus, to proceed in federal court here, Plaintiff has the burden to establish subject matter jurisdiction, which is

ordinarily accomplished through federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). "[F]ederal question jurisdiction arises only when the complaint standing alone establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williams v. Aztar Ind. Gaming Corp.*, 351 F.3d 294, 298 (7th Cir. 2003). Plaintiff's Complaint (ECF No. 1) does not state a claim under any federal law. Nor does Plaintiff's right to relief in this case hinge on the resolution of a substantial question of federal law. Rather, Plaintiff's tort claims derive exclusively from Indiana state law.

 A fair and liberal reading of the Complaint's allegation reveals that Plaintiff only has state-law claims against Defendants. A federal district court does not have federal question jurisdiction over state-law claims. See 28 U.S.C. § 1331. So, for this Court to have jurisdiction over Plaintiff's state-law claims in the absence of any viable federal-law claims, the parties must be of diverse citizenship and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a). Said slightly differently, Plaintiff must establish that each defendant is a citizen of a state different from Plaintiff's state to establish jurisdiction under Section 1332(a) and the amount at stake must exceed $75,000.

Plaintiff's requested relief well exceeds $75,000, but the Court cannot glean the citizenship of Defendant from Plaintiff's Complaint (ECF No. 1). In order to bear his burden of demonstrating federal jurisdiction, Plaintiff must address the citizenship of each of the parties. *See Kallembach*

*v. Amcore Bank, N.A.*, 2002 WL 31018360, *7 (N.D. Ill. Sept. 10, 2002) ("In a diversity case…the complaint must allege the citizenship of the parties and the amount in controversy. *Hemmings v. Barian*, 822 F.2d 688, 693 (7th Cir. 1987)."). Although Plaintiff does not state what type of business entity Defendant is, there are various rules for determining the citizenship of a business.[1] And, again, it is Plaintiff's burden to establish the citizenship of Defendant. Nowhere does the Complaint state as much.

That said, the Court will give Plaintiff the benefit of the doubt and afford him the opportunity to establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff has thirty (30) days from the date of this Order to file an amended complaint that adequately establishes diversity jurisdiction.[2] The Court also cautions Plaintiff that if he fails to do so, the Court will dismiss his case without further notice.

The Court has one more item to address as Plaintiff filed a "Motion to Proceed With Special Attorney Appointed" which is an apparent request that the Court appoint him counsel. (ECF No. 3). A plaintiff in a civil suit has no constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). That said, an indigent litigant may ask the court to request an attorney to represent him. 28 U.S.C. § 1915(e)(1). "Appointment is permissive under this statute, which provides a court 'may' request an attorney represent a party. The decision whether to recruit pro bono counsel is left to the district court's discretion." *Thomas v. Wardell*, 951 F.3d 854, 859 (7th Cir. 2020) (citation omitted). When confronted with such a request, the district court is to make the following inquiries: "(1) has the

---

[1] For Corporations, "all are citizens both of the state of incorporation and the state in which the corporation has its principal place of business[.]" *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006). For a business entity that is not a corporation, its "citizenship is the citizenship of its owners, partners, or other principles." *Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

[2] After he filed his Complaint, some of Plaintiff's other filings suggest that another business entity, "[Fort Wayne] Recure Mission," located in Fort Wayne is a party to this lawsuit. (ECF No. 3). Plaintiff's amended complaint should list that entity as a party and address its citizenship too should Plaintiff wish to assert claims against it.

indigent plaintiff made a reasonable attempt to obtain counsel ...; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Id.*

While Defendant avers that he has called "attorneys and other agencies to get help[,]" that mere representation does not meet his burden to his reasonable efforts; the Court would require a more specific showing. Moreover, nothing suggests that this personal injury case is so difficult such that the Court should appoint counsel. At least at this early stage, the Court exercises its discretions and declines to appoint counsel for Plaintiff.

For these reasons, the Court:

(1) AFFORDS Plaintiff thirty (30) days from the date of this Order to file an amended complaint that adequately establishes diversity jurisdiction;

(2) DEFERS ruling on Plaintiff's Motion to Proceed in Forma Pauperis (ECF No. 2) pending Plaintiff's compliance with this Order;

(3) ORDERS Plaintiff to complete the proper AO239 form for this District within thirty (30) days of this Order;

(4) DIRECTS the Clerk to send Plaintiff an AO239 form for the Northern District of Indiana;

(5) DENIES Plaintiff's Motion to Proceed With Special Attorney Appointed (ECF No. 3); and

(6) CAUTIONS Plaintiff that if he does not file an amended complaint which establishes diversity jurisdiction within thirty (30) days, this Court will dismiss the case without further notice.

So ORDERED on July 8, 2025.

s/ *Holly A. Brady*
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT