UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| TED B. JONES, | |
| Plaintiff, | |
| v. | CASE NO. 1:25-CV-352-HAB-ALT |
| CITILINK BUS, | |
| Defendant. | |

## OPINION AND ORDER

Pro se Plaintiff Ted B. Jones ("Plaintiff"), filed three motions in this closed case.[1] In those motions, he moves to (1) reopen the case, (2) appoint counsel, and (3) allege bias and discrimination. (ECF Nos. 15, 16, 17). The Court liberally construes the motion to reopen as a motion for relief from judgment under Fed. R. Civ. P. 60 (b) and will deny the relief sought (ECF No. 15).

On August 14, 2025, the Court dismissed Plaintiff's complaint and entered judgment against him. (ECF No. 9). The Court did so after Plaintiff failed to establish subject matter jurisdiction in his original complaint and failed to file an amended complaint to address the jurisdictional deficiency as the Court directed. *Id.* On September 11, 2025, the Court denied multiple motions filed by Plaintiff, including a motion to re-open. (ECF No. 14).

Rule 60(b)(6) "grants federal courts broad authority to relieve a party from a final judgment 'upon such terms as are just,' provided that the motion is made within a reasonable time and is not premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)." *Liljeberg*

---

[1] Plaintiff filed identical motions in another case he has brought, which has also already closed. *Jones v. Parkview Hospital, et al*, No 1:25-cv-372-HAB-ALT (N. D. Ind. Aug 14, 2025). The resolution of these motions in that case is addressed in a separate order.

*v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 863 (1988). But "[r]elief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619–20 (2025).

Here, no such justification exists. Based on a fair and liberal reading of his complaint, the Court previously concluded any claims Plaintiff has would arise out of state law. (ECF No. 4). Thus, he was given thirty days to file an amended complaint that establishes diversity jurisdiction. (ECF No. 4). He did not. Nor did he do so when moving to reopen his case less than a month ago. (ECF No. 12, 13). This Court sent him forms to refile his case when it denied his last set of motions, but he still submitted the motions currently before the Court on pieces of notebook paper. (ECF Nos. 15, 16, 17). And yet again, Plaintiff provides this Court no basis to conclude "exceptional circumstances" prevented him from litigating his claims.

If Plaintiff believes he can establish a jurisdictional basis to bring his claim in federal court and wishes to re-file his Complaint, he must do so using the appropriate forms that the Clerk has already sent him. N.D. Ind. L.R. 7-6 ("The court may require parties representing themselves to use clerk-supplied forms.").

For these reasons, the Court:

(1) DENIES Plaintiff's Motion to Proceed with Request to Reopen All Cases (ECF No. 15);

(2) DENIES Plaintiff's other two motions as moot (ECF Nos. 16, 17);

(3) CAUTIONS Plaintiff that any future filings must be made using court-supplied forms.

**SO ORDERED** on October 1, 2025.

        s/*Holly A. Brady*
        CHIEF JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT